IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Lee Ash,            Case No. 4:10 CV 574

     Petitioner,            MEMORANDUM OPINION
                          AND ORDER
    -vs-
                          JUDGE JACK ZOUHARY
J. T. Shartle,

     Respondent.

*Pro se* Petitioner Dennis Ash filed this Petition for Writ of Habeas Corpus (Doc. No. 1) under 28 U.S.C. § 2241. Petitioner is currently serving a 60-month sentence at the Federal Satellite Low (FSL) in Elkton, Ohio. Petitioner seeks a transfer to a lower security prison camp.

## BACKGROUND

On March 3, 2009, Petitioner filed an administrative request at Federal Correctional Institution (FCI) Elkton seeking transfer to a minimum security facility. On the same day, the request was denied in part. His assigned unit team explained Petitioner would be reassigned from FCI Elkton to FSL Elkton, which houses minimum security level inmates. The Unit Manager submitted the transfer request on March 12, 2009. The response did not satisfy Petitioner's request and he appealed to Warden Shartle. The Warden denied his request, reiterating that Petitioner was properly classified as a minimum security inmate with "Out" custody. He reasoned that because FSL Elkton is a minimum security facility, Petitioner's transfer to another prison would not be appropriate. Petitioner then fully exhausted his administrative remedies without success. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).

**NOT ENTITLED TO HABEAS RELIEF**

Petitioner asserts a right, under Section 2241, to transfer to a minimum security prison. He claims Respondent is exposing him to potential danger or violence by allowing him to be housed in a facility with higher security classification inmates. The facts and case law cited by Petitioner, however, do not support the relief he seeks in this Petition.

In *Coffin v. Reichard*, 143 F.2d 443 (6th Cir. 1943), the Sixth Circuit reversed the dismissal of a habeas petition filed by a prisoner serving his federal sentence at a prison hospital. The Sixth Circuit focused the prisoner's challenge to his physical and mental condition at the time he signed a confession and entered a guilty plea. *Id*. at 444. In addition to addressing the prisoner's conviction, the Sixth Circuit held it could also consider the petitioner's allegations concerning the allegedly unconstitutional conditions of his confinement. *Id*. at 445. *Coffin* did not hold, however, that a challenge to a prisoner's conditions of confinement was cognizable in habeas absent an underlying challenge to the validity of a petitioner's conviction or sentence. Moreover, *Coffin* appears to be inconsistent with the Supreme Court's subsequent decision in *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (Section 1983 action is a proper remedy for prisoner asserting constitutional challenge to conditions of prison life, but not to the fact or length of his custody). Since *Preiser*, *Coffin* has rarely been cited.

Prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *see Sandin v. Conner*, 515

U.S. 472, 484 (1995), or that the government's action "will inevitably affect the duration of his sentence." *Id*. at 487. Petitioner has made neither showing.

## CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus is dismissed under 28 U.S.C. § 2243. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  September 3, 2010